FILED

2008 FEB -6 AM 9:02

N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEMETRICE HARRIS, | } |
| | } |
| PLAINTIFF, | } |
| | } |
| v. | } |
| | } CIVIL ACTION NUMBER: |
| ER SOLUTIONS, INC., | } |
| | } CV-08-P-0212-S |
| DEFENDANT. | } |

## PLAINTIFF'S COMPLAINT

1. THIS IS AN ACTION BROUGHT BY THE PLAINTIFF, DEMETRICE HARRIS("HARRIS"), FOR ACTUAL AND STATUTORY DAMAGES, ATTORNEY'S FEES, AND COSTS FOR DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.* (HEREINAFTER "FDCPA"). PLAINTIFF ALSO SEEKS COMPENSATORY AND PUNITIVE DAMAGES FOR THE DEFENDANT'S VIOLATIONS OF ALABAMA'S COMMON LAWS SET FORTH HEREIN.

## JURISDICTION AND VENUE

2. THIS COURT HAS JURISDICTION UNDER 15 U.S.C. §1692K (D), AND 28 U.S.C. §1331, §1332, AND §1367. VENUE IS PROPER IN THAT THE DEFENDANT TRANSACTED BUSINESS HERE, AND THE PLAINTIFF RESIDES HERE.

## PARTIES

3. THE PLAINTIFF IS A RESIDENT AND CITIZEN OF THE STATE OF ALABAMA, JEFFERSON COUNTY, AND IS OVER THE AGE OF TWENTY-ONE (21) YEARS.

4. THE DEFENDANT, ER SOLUTIONS, INC. ("ER SOLUTIONS"),IS A CORPORATION WHOSE CORRECT CORPORATE STATUS IS UNKNOWN TO PLAINTIFF AT THIS TIME, BUT WHICH WAS, IN ALL RESPECTS AND AT ALL TIMES RELEVANT HEREIN, DOING BUSINESS IN THE STATE OF ALABAMA. THE DEFENDANT IS ENGAGED IN THE BUSINESS OF COLLECTING CONSUMER DEBTS FROM CONSUMERS RESIDING IN JEFFERSON COUNTY, ALABAMA AND IS A "DEBT COLLECTOR," AS DEFINED BY THE FDCPA 15 U.S.C. §1692A(6).

## FACTUAL ALLEGATIONS

5. ON OR ABOUT DECEMBER 30, 2007, HARRIS WAS CONTACTED VIA TELEPHONE BY A "MR. HOLMES." MR. HOLMES STATED THAT HE WAS CALLING FROM ER SOLUTIONS CONCERNING A DEBT HARRIS ALLEGEDLY OWED TO WASHINGTON MUTUAL.

6. IN THE COURSE OF THE CONVERSATION, "MR. HOLMES" STATED THAT HE HAD CALLED HARRIS' EX-HUSBAND, CORNELL GREEN, IN AN ATTEMPT TO LOCATE HARRIS. "MR. HOLMES" STATED THAT MR. GREEN REFUSED TO GIVE HARRIS' CONTACT INFORMATION. "MR. HOLMES" REPEATEDLY ASKED HARRIS WHY SHE WAS "TRYING TO HIDE FROM HIM." "MR. HOLMES" STATED REPEATEDLY THAT THEY COULD SETTLE THE ACCOUNT.

7. HARRIS ATTEMPTED TO EXPLAIN TO "MR. HOLMES" THAT SHE HAD NEVER HAD AN ACCOUNT WITH WASHINGTON MUTUAL AND THAT SHE WAS A VICTIM OF IDENTITY THEFT. HARRIS EVEN WENT SO FAR AS TO PROVIDE THE NAME AND CONTACT INFORMATION OF THE UNITED STATES POSTAL SERVICE DETECTIVE THAT WAS INVESTIGATING HER IDENTITY THEFT. "MR. HOLMES" REFUSED TO DISCUSS THE MATTER WITH HARRIS AND ABRUPTLY HUNG UP ON HER.

8. THE ALLEGED DEBT OF PLAINTIFF CLAIMED WAS INCURRED FOR PERSONAL, FAMILY, OR HOUSEHOLD SERVICES.

9. SUBSEQUENTLY, EMPLOYEES AND/OR AGENTS OF ER SOLUTIONS CONTACTED HARRIS TO TELL HER THAT THEY "INVESTIGATED" HER CLAIM THAT HER IDENTITY HAD BEEN STOLEN AND THAT THEIR "INVESTIGATION" CONCLUDED THAT HARRIS DID, IN FACT, OWE THE DEBT THEY CLAIMED. DURING THE COURSE OF THIS CONVERSATION, HARRIS PROVIDED THEM WITH THE NAME, ADDRESS AND TELEPHONE NUMBER OF HER ATTORNEY AND INSTRUCTED THEM TO DISCUSS THE MATTER WITH HER COUNSEL.

10. SUBSEQUENTLY, EMPLOYEES AND/OR AGENTS OF THE DEFENDANT AGAIN CALLED HARRIS' EX-HUSBAND, CORNELL GREEN, ON SEVERAL OCCASIONS ALLEGEDLY IN AN ATTEMPT TO LOCATE HARRIS AFTER THEY HAD BEEN PROVIDED WITH HARRIS' ATTORNEY'S CONTACT INFORMATION AND AFTER MR. GREEN HAD DECLINED TO PROVIDE ANY CONTACT INFORMATION. MR. GREEN IS A THIRD-PARTY NOT RELATED TO THE PLAINTIFF BY BLOOD OR MARRIAGE.

11. THE PLAINTIFF DID NOT GIVE ANY EMPLOYEES AND/OR AGENTS OF THE DEFENDANT PERMISSION TO CONTACT MR. GREEN.

12. IT IS THE POLICY AND PRACTICE OF DEFENDANT TO ILLEGALLY AND REPEATEDLY CONTACT THIRD-PARTIES WHEN THEY ARE IN POSSESSION OF DEBTORS' ATTORNEY'S CONTACT INFORMATION AND/OR WHEN SAID THIRD PARTIES DECLINE TO PROVIDE CONTACT INFORMATION. SUCH CONDUCT IS INTENDED TO ANNOY, HARASS OR OPPRESS CONSUMERS TO COERCE THEM TO PAY ALLEGED DEBTS IN VIOLATION OF THE LAW.

13. TO DATE, ER SOLUTIONS HAS FAILED TO PROVIDE THE STATUTORILY REQUIRED 30 DAY VALIDATION NOTICE EITHER ORALLY OR IN WRITING.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

14. THE PLAINTIFF ADOPTS THE AVERMENTS AND ALLEGATIONS OF PARAGRAPHS 1 THROUGH 13 HEREINBEFORE AS IF FULLY SET FORTH HEREIN.

15. THE DEFENDANT HAS ENGAGED IN COLLECTION ACTIVITIES AND PRACTICES IN VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (HEREINAFTER REFERRED TO AS "FDCPA") WITH RESPECT TO THE PLAINTIFF'S ALLEGED CONSUMER DEBT.

16. DEFENDANT COMMUNICATED WITH PERSONS OTHER THAN PLAINTIFF, WITHOUT THE PRIOR CONSENT OF PLAINTIFF OR THE PERMISSION OF THE COURT, AND FOR PURPOSES OTHER THAN EFFECTUATING A JUDGMENT, IN VIOLATION OF 15 U.S.C. § 1692C(B);

17. DEFENDANT ENGAGED IN CONDUCT THE NATURAL CONSEQUENCE OF WHICH WAS TO HARASS, OPPRESS, OR ABUSE PLAINTIFF AND OTHER PARTIES IN CONNECTION WITH COLLECTION OF A DEBT, IN VIOLATION OF 15 U.S.C. § 1692D;

18. DEFENDANT USED UNFAIR OR UNCONSCIONABLE MEANS TO COLLECT OR ATTEMPT TO COLLECT A DEBT, IN VIOLATION OF 15 U.S.C. § 1692F.

19. DEFENDANT COMMUNICATED WITH A THIRD PARTY MORE THAN ONCE WHILE SEEKING LOCATION INFORMATION, IN VIOLATION OF 15 U.S.C. § 1692B(3).

20. DEFENDANT COMMUNICATED WITH A THIRD PARTY AFTER DEFENDANT KNEW THAT HARRIS WAS REPRESENTED BY AN ATTORNEY, IN VIOLATION OF 15 U.S.C. § 1692B(6).

21. DEFENDANT USED FALSE, DECEPTIVE, AND MISLEADING INFORMATION IN CONNECTION WITH THE COLLECTION OF A DEBT BY FALSELY REPRESENTING THE CHARACTER AND LEGAL STATUS OF A DEBT, IN VIOLATION OF 15 U.S.C. § 1692E.

22. DEFENDANT FAILED TO PROVIDE THE STATUTORILY REQUIRED 30 DAY VALIDATION NOTICE PURSUANT TO 15 U.S.C. § 1692G.

23. AS A PROXIMATE RESULT OF THE DEFENDANT'S ACTIONS, THE PLAINTIFF WAS CAUSED TO SUFFER ACTUAL DAMAGES FOR WORRY, HUMILIATION, FEAR, LOSS OF SLEEP, ANXIETY, NERVOUSNESS, PHYSICAL SICKNESS, PHYSICAL PAIN AND MENTAL ANGUISH.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

24. THE PLAINTIFF ADOPTS THE AVERMENTS AND ALLEGATIONS OF PARAGRAPHS 1 THROUGH 23 HEREINBEFORE AS IF FULLY SET FORTH HEREIN.

25. THE DEFENDANT KNEW OR SHOULD HAVE KNOWN OF THE CONDUCT SET FORTH HEREIN WHICH WAS DIRECTED AT AND VISITED UPON THE PLAINTIFF.

26. THE DEFENDANT KNEW OR SHOULD HAVE KNOWN THAT SAID CONDUCT WAS IMPROPER.

27. THE DEFENDANT NEGLIGENTLY FAILED TO TRAIN AND SUPERVISE COLLECTORS IN ORDER TO PREVENT SAID IMPROPER CONDUCT.

28. THE DEFENDANT RECKLESSLY AND WANTONLY FAILED TO TRAIN AND SUPERVISE COLLECTORS ON THE FDCPA AS IT RELATES TO COMMUNICATIONS WITH CONSUMERS AND THIRD PARTIES.

29. AS A RESULT OF THE DEFENDANT'S NEGLIGENCE, THE PLAINTIFF SUFFERED HUMILIATION, LOSS OF SLEEP, ANXIETY, NERVOUSNESS, PHYSICAL SICKNESS, PHYSICAL AND MENTAL SUFFERING, PAIN, AND ANGUISH.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

30. THE PLAINTIFF ADOPTS THE AVERMENTS AND ALLEGATIONS OF PARAGRAPHS 1 THROUGH 29 HEREINBEFORE AS IF FULLY SET FORTH HEREIN.

31. THE DEFENDANT KNEW OR SHOULD HAVE KNOWN OF THE CONDUCT SET FORTH HEREIN WHICH WAS DIRECTED AT AND VISITED UPON THE PLAINTIFF.

32. THE DEFENDANT KNEW OR SHOULD HAVE KNOWN THAT THE SAID CONDUCT WAS IMPROPER.

33. THE DEFENDANT RECKLESSLY AND WANTONLY FAILED TO TRAIN AND SUPERVISE COLLECTORS IN ORDER TO PREVENT SAID IMPROPER CONDUCT.

34. THE DEFENDANT RECKLESSLY AND WANTONLY FAILED TO TRAIN AND SUPERVISE COLLECTORS ON THE FDCPA AS IT RELATES TO COMMUNICATIONS WITH CONSUMERS AND THIRD PARTIES.

35. AS A RESULT OF THE DEFENDANT'S RECKLESSNESS AND WANTONNESS, THE PLAINTIFF SUFFERED HUMILIATION, LOSS OF SLEEP, ANXIETY, NERVOUSNESS, PHYSICAL SICKNESS, PHYSICAL AND MENTAL SUFFERING, PAIN, AND ANGUISH.

## COUNT FOUR
## PRIVATE NUISANCE

36. THE PLAINTIFF ADOPTS THE AVERMENTS AND ALLEGATIONS OF PARAGRAPHS 1 THROUGH 35 HEREINBEFORE AS IF FULLY SET FORTH HEREIN.

37. PLAINTIFFS ALLEGE THAT DEFENDANTS' INTENTIONAL, MALICIOUS, AND/OR NEGLIGENT CONDUCT WORKED HURT, INCONVENIENCE AND DAMAGE TO THEM INDIVIDUALLY SUCH THAT WOULD AFFECT ORDINARY AND REASONABLE PEOPLE.

38. PLAINTIFFS ALLEGE THAT AS A DIRECT AND PROXIMATE RESULT OF DEFENDANTS' CONDUCT THE PLAINTIFFS SUFFERED DAMAGES AS DESCRIBED HEREIN BELOW.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF DEMANDS A JUDGMENT AGAINST THE DEFENDANT AS FOLLOWS:

I. DECLARATORY JUDGMENT THAT THE DEFENDANT'S CONDUCT VIOLATED THE FDCPA;
II. STATUTORY DAMAGES OF $1,000 FROM THE DEFENDANT FOR THE VIOLATIONS OF THE FDCPA (15 U.S.C.§1692K);
III. ACTUAL DAMAGES FOR THE DEFENDANT'S VIOLATIONS OF THE FDCPA;
IV. COSTS AND REASONABLE ATTORNEY'S FEES FROM THE DEFENDANT PURSUANT TO 15 U.S.C.§1692K; AND
V. COMPENSATORY AND PUNITIVE DAMAGES AGAINST DEFENDANT IN THE AMOUNT OF $250,000.00 ON PLAINTIFF'S STATE LAW CLAIMS FOR DAMAGES DUE TO THE NEGLIGENT TRAINING AND SUPERVISION, RECKLESS AND WANTON TRAINING AND SUPERVISION, AND PRIVATE NUISANCE.

/s/ WHITNEY SEALS
WHITNEY SEALS
ASB 8890-W81S
PATE & COCHRUN
P.O. BOX 10448
BIRMINGHAM, AL 35202-0448
PHONE (205) 323-3900


/s/ MICHAEL W. LINDSEY
MICHAEL W. LINDSEY
ASB 4328-A63L
OF COUNSEL:
WEAVER TIDMORE, LLC
300 CAHABA PARK CIRCLE, STE 200
BIRMINGHAM, AL 35242
PHONE: (205) 980-6065

**SERVE DEFENDANT VIA CERTIFIED MAIL:**
ER SOLUTIONS, INC.
C/O THE CORPORATION COMPANY – REG. AGENT
2000 INTERSTATE PARK DR., STE 204
MONTGOMERY, AL 36109